UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
TIMOTHY J. SULLIVAN
UNITED STATES MAGISTRATE JUDGE

6500 Cherrywood Lane
Greenbelt, Maryland 20770
Telephone: (301) 344-3593

January 25, 2022

LETTER TO COUNSEL:

    RE: *Denise M. v. Kilolo Kijakazi, Acting Commissioner of Social Security*
         Civil No. TJS-20-3278

Dear Counsel:

On November 12, 2020, Plaintiff Denise M. petitioned this Court to review the Social Security Administration's final decision to deny her claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). ECF No. 1. The parties have filed cross-motions for summary judgment. ECF Nos. 12 & 19. These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[1] Having considered the submissions of the parties, I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will grant the Acting Commissioner's motion and deny the Plaintiff's motion. This letter explains my rationale.

Denise M. filed her applications for DIB and SSI on March 31, 2017. Tr. 15. She alleged a disability onset date of January 1, 2016. *Id.* Her applications were denied initially and upon reconsideration. *Id.* Denise M. requested an administrative hearing, and a hearing was held on October 15, 2019, before an Administrative Law Judge ("ALJ"). Tr. 38-70. In a written decision dated November 25, 2019, the ALJ found that Denise M. was not disabled under the Social Security Act. Tr. 12-37. The Appeals Council denied Denise M.'s request for review, making the ALJ's decision the final, reviewable decision of the agency. Tr. 1-6.

The ALJ evaluated Denise M.'s claims for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520 and 416.920. At step one, the ALJ found that Denise M. had not engaged in substantial gainful activity since January 1, 2016, the alleged onset date. Tr. 17-18. At step two, the ALJ found that Denise M. suffered from the following severe impairments: major joint dysfunction, spinal disorders, depressive disorder, and anxiety-related disorder. Tr. 18. At step three, the ALJ found Denise M.'s impairments, separately and in combination, failed to meet or equal in severity any listed impairment as set forth in 20 C.F.R., Chapter III, Pt. 404, Subpart P, App. 1 ("Listings"). Tr. 18-22. The ALJ determined that Denise

---

[1] This case was originally assigned to Judge Boardman. On June 30, 2021, it was reassigned to Judge Coulson. On December 31, 2021, it was reassigned to me.

M. retained the residual functional capacity ("RFC") "to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except: frequently operate foot controls bilaterally; occasionally climb stairs, balance, stoop, kneel, crouch, and crawl; and should never climb ladders. The claimant is able to perform simple and routine tasks." Tr. 22-23.

At step four, relying on testimony provided by a vocational expert ("VE"), the ALJ determined that Denise M. could perform past relevant work as a cashier and as a housekeeper. Tr. 30-31. Accordingly, the ALJ found that Denise M. was not disabled under the Social Security Act. Tr. 32.

Denise M. argues that this case must be remanded for further proceedings because (1) the ALJ did not perform a function-by-function assessment of her work-related abilities; (2) the ALJ did not account for her moderate limitation in concentrating, persisting, or maintaining pace in the RFC assessment; and (3) the ALJ did not properly evaluate her subjective complaints. ECF No. 12-1 at 4-14. For the reasons discussed below, however, these arguments are unavailing.

Denise M. first argues that the ALJ failed to perform a function-by-function assessment of her work-related abilities. ECF No. 12-1 at 6-8. Every conclusion reached by an ALJ when evaluating a claimant's RFC must be accompanied by a narrative discussion describing the evidence that supports it. *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 387 (4th Cir. 2021). An ALJ must consider all of a claimant's "physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [the claimant's] ability to work." *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (alteration in original) (quoting *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)). In doing so, the ALJ must provide "a narrative discussion describing how the evidence supports each conclusion." SSR 96-8P, 1996 WL 374184, at *7 (July 2, 1996). Once the ALJ has completed this function-by-function analysis, the ALJ can make a finding as to the claimant's RFC. *Id.*; *Thomas*, 916 F.3d at 311 ("Thus, a proper RFC analysis has three components: (1) evidence, (2) logical explanation, and (3) conclusion."). An ALJ need not mention every piece of evidence, so long as he builds a logical bridge from the evidence to his conclusion. *Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 865 (4th Cir. 2014).

The ALJ's decision contains a detailed discussion of the evidence of record, including Denise M.'s subjective reports of her condition over time, her reported daily activities, treatment notes containing observations of her condition over time, the results of consultative examinations, and medical opinions. Tr. 17-30. In addition to summarizing the evidence and explaining the weight that the ALJ assigned to it, the ALJ also explained how the evidence translated into the ALJ's RFC determination. *Id.* Contrary to Denise M.'s argument, the ALJ's explanation is sufficient for this Court to conduct its review. Because the ALJ explained how he weighed and considered the evidence, and because substantial evidence supports the ALJ's findings, Denise M.'s argument on this point is unavailing.

Further, in assessing RFC, the ALJ must discuss a claimant's "ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule)" and must "describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record." SSR 96-8p, 1996 WL 374184, at *7. In connection with the ALJ's detailed discussion of

the evidence, and after citing the relevant regulations and policy interpretation ruling, *see* Tr. 17-30, the ALJ determined the work activities that Denise M. can perform on a full-time basis. Substantial evidence thus supports the ALJ's RFC determination.

Denise M. next argues that the ALJ's RFC determination does not account for her moderate limitation in concentrating, persisting, or maintaining pace ("CPP"), and thus runs afoul of the Fourth Circuit's decision in *Mascio*, 780 F.3d at 638. ECF No. 12-1 at 8-11. In *Mascio*, the Fourth Circuit held that "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the [claimant] to simple, routine tasks or unskilled work.'" 780 F.3d at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)). This is because "the ability to perform simple tasks differs from the ability to stay on task." *Id.* When an ALJ finds that a claimant has limitations in concentration, persistence, or pace, the ALJ is required to incorporate these limitations into the claimant's RFC or explain why they do not "translate into [such] a limitation." *Id.* The Fourth Circuit, however, "did not impose a categorical rule that requires an ALJ to always include moderate limitations in concentration, persistence, or pace as a specific limitation in the RFC." *Shinaberry v. Saul*, 952 F.3d 113, 121 (4th Cir. 2020). Rather, when "medical evidence demonstrates that a claimant can engage in simple, routine tasks or unskilled work despite limitations in concentration, persistence, and pace, courts have concluded that limiting the hypothetical to include only unskilled work sufficiently accounts for such limitations." *Id.* (quoting *Winschel*, 631 F.3d at 1180).

As part of the step three analysis, the ALJ found that Denise M. had a moderate limitation in her ability to concentrate, persist, or maintain pace. Tr. 21. In making this finding, the ALJ noted that most of Denise M.'s "mental status examinations have shown that [she] has intact recent memory skills, even though there is at least one mental status examination in which [she] exhibited impaired memory skills." *Id.* "Most mental status examinations have also shown that [she] has fair concentration skills and a fair attention span, even though there is also one mental status examination in which [her] concentration and attention were impaired." *Id.* "Additionally, mental status examinations have generally shown that [she] has intact cognitive functioning." *Id.* The ALJ also discussed Denise M.'s ability to concentrate, persist, or maintain pace later in his decision, noting the May 2018 opinion of Barbara Lewis, Ph.D., the state agency psychological consultant who opined that Denise M. had a moderate limitation in concentrating, persisting, or maintaining pace but was "able to maintain sufficient concentration for tasks" and could "consistently and usefully perform routine tasks on a sustained basis with normal supervision." Tr. 29, 115, 120, 134, 139. Dr. Lewis ultimately opined that, "[w]hile the evidence indicates [Denise M.] does suffer some degree of limitation from mental health issues, the symptom severity noted would not preclude the completion of simple tasks." Tr. 120, 139. The ALJ found Dr. Lewis's opinion to be persuasive because it was "supported by a comprehensive evaluation of the medical evidentiary record" and "largely consistent with the rest of the evidence" (Tr. 29). *See* 20 C.F.R. §§ 404.1520c, 416.920c.

The ALJ found that "the medical evidence regarding [Denise M.'s] cognitive and intellectual functioning demonstrates that her loss of functioning in this area can be adequately accommodated by limiting her to simple and routine tasks." Tr. 26-27. The ALJ thus "explain[ed] how substantial evidence supports his conclusion as to [Denise M.'s] CPP abilities in a work setting." *Terri S. v. Saul*, Civil No. DLB-19-3607, 2021 WL 168456, at *2 (D. Md. Jan. 19, 2021)

(Boardman, J.), *reconsideration denied sub nom. Terri S. v. Kijakazi*, No. DLB-19-3607, 2021 WL 5395960 (D. Md. Nov. 18, 2021); *see Shinaberry*, 952 F.3d at 121 (holding that ALJ's finding that limited claimant with moderate limitations in concentration, persistence, and pace to performing "simple, routine, and repetitive tasks" accounted for claimant's mental limitations where ALJ "discussed in detail the psychological evaluations performed by the SSA psychological consultants" and other evidence); *Sizemore v. Berryhill*, 878 F.3d 72, 80-81 (4th Cir. 2017) (rejecting argument that remand was required under *Mascio* because ALJ failed to specifically account for claimant's moderate difficulties with regard to concentration, persistence and pace, because more detailed medical findings provided substantial support for RFC limitations).

The Fourth Circuit's reasoning in *Sizemore* "did not depend upon whether the ALJ 'adopted' a particular medical source opinion in whole or in part." *Terri S.*, 2021 WL 168456, at *3. Rather, the Fourth Circuit in *Sizemore* was concerned with whether substantial evidence supported the ALJ's RFC determination. *Id.*; *see Sizemore*, 878 F.3d at 80-81. "The ALJ's discussion of Dr. [Lewis's] opinion with respect to [Denise M.'s] work capabilities and her mental limitations makes clear the ALJ relied on substantial evidence in finding that [her] moderate CPP limitation did not require other RFC limitations." *Terri S.*, 2021 WL 168456, at *4 (citing *Sizemore*, 878 F.3d at 81). Because the ALJ applied correct legal standards and made findings supported by substantial evidence, Denise M.'s argument that remand is warranted under *Mascio* is without merit.

Last, Denise M. argues that the ALJ did not properly evaluate her subjective complaints. ECF No. 12-1 at 12-14. In determining a claimant's RFC, the ALJ must evaluate the claimant's subjective symptoms using a two-part test. *Lewis v. Berryhill*, 858 F.3d 858, 866 (4th Cir. 2017); 20 C.F.R. §§ 404.1529(a), 416.929(a). First, the ALJ must determine whether objective evidence shows the existence of a medical impairment that could reasonably be expected to produce the alleged symptoms. 20 C.F.R. §§ 404.1529(b), 416.929(b). Once the claimant makes that threshold showing, the ALJ must evaluate the extent to which the symptoms limit the claimant's capacity to work. *Id.* §§ 404.1529(c), 416.929(c). At this second stage, the ALJ must consider all available evidence, including medical history, objective medical evidence, and statements by the claimant. *Id.* To evaluate a claimant's statements, ALJs must "consider all of the evidence in an individual's record when they evaluate the intensity and persistence of symptoms after they find that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms." SSR 16-3p, 2016 WL 1119029, at *2 (Mar. 16, 2016). "ALJs may not rely on objective medical evidence (or the lack thereof)—even as just one of multiple factors—to discount a claimant's subjective complaints regarding symptoms of fibromyalgia or some other disease that does not produce such evidence." *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 97 (4th Cir. 2020). In other cases, the ALJ may consider that objective evidence, or lack thereof, in conjunction with other evidence. 20 C.F.R. §§ 404.1529(c), 416.929(c). In any case, the ALJ may not rely solely on the lack of objective medical evidence to discredit a claimant's subjective statements. *Id.* Claimants are entitled to rely exclusively on subjective evidence to prove the degree to which their symptoms affect their ability to work at the second step of the analysis. *Arakas*, 983 F.3d at 95-97.

The ALJ's written decision presents a detailed statement of Denise M.'s subjective complaints. The ALJ first found that Denise M.'s severe impairments could reasonably be

4

expected to produce her alleged symptoms. Tr. 24. The ALJ then proceeded to consider Denise M.'s allegations in concert with the other evidence in the record, including Denise M.'s statements about her symptoms over time, the extent of her daily activities, her work history, and the objective evidence in the record. Tr. 23-30. In considering the totality of the evidence, the ALJ explained his finding that Denise M.'s statements about the severity of her symptoms could not be completely reconciled with other persuasive evidence. Weighing all of the evidence, the ALJ found that Denise M.'s impairments are not disabling and that she can perform work with the limitations contained in the RFC. Substantial evidence supports the ALJ's decision in this regard.

Denise M.'s disagreement with the ALJ's consideration of the evidence essentially amounts to an argument that the Court should evaluate the evidence in the record de novo. But the Court's review is confined to whether substantial evidence supports the ALJ's decision and whether the correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 404 (1971). The Court is not permitted to reweigh the evidence, even if the Court believes the ALJ could have reached a different conclusion. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). The ALJ's decision complies with the governing legal standards and is supported by substantial evidence. Accordingly, Denise M.'s argument to the contrary is unavailing.

For the reasons set forth above, Denise M.'s Motion for Summary Judgment (ECF No. 12) will be **DENIED**, and the Acting Commissioner's Motion for Summary Judgment (ECF No. 19) will be **GRANTED**. The Clerk is directed to **CLOSE** this case. Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Timothy J. Sullivan
United States Magistrate Judge